## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | ED CV 12-1089-TJH (SPx) | Date | February 15, 2018 |
| Title | Jossie Ramos et al. v. Gary Swatzell et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**    (In Chambers)  Order Granting In Part and Denying In Part Plaintiffs' Motion for Attorney's Fees and Costs [246]

# I. INTRODUCTION

On January 2, 2018, plaintiffs filed a motion for attorney's fees and costs.  Docket no. 246.  Plaintiffs seek $247,166 in monetary sanctions, which includes $239,780 in attorney's fees and $7,396 in costs.  Plaintiffs concurrently filed a memorandum in support of their motion ("P. Mem."), and their positions are supported by the declarations of Richard Pearl ("Pearl Decl.") and Jenny Huang ("Huang Decl."), and exhibits thereto. Docket nos. 248-250.

On January 16, 2018, defendants filed an opposition to plaintiffs' motion ("D. Mem.").  Docket no. 258.  On January 24, 2018, plaintiffs filed a reply memorandum ("Reply") in support of their motion, along with additional exhibits.[1]  Docket no.  270.

Having reviewed all the papers filed, the court found a hearing on the motion would not materially assist the court.  Accordingly, the court previously took the noticed hearing off calendar.  The court now rules on plaintiffs' motion for attorney's fees and costs as follows.

---

[1]    The Reply made adjustments to the amount of hours plaintiffs originally sought in their motion, and the hours above reflect these most recent adjustments.  Reply at 5-6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 12-1089-TJH (SPx) | Date | February 15, 2018 |
|----------|--------------------------|------|-------------------|
| Title | Jossie Ramos et al. v. Gary Swatzell et al. | | |

## II. RELEVANT BACKGROUND

Plaintiffs Jossie Ramos and Melissa Ortiz, California state prisoners, filed this federal civil rights action in July 2012. A related state court action was filed in February 2012. The operative Second Amended Complaint alleges a single cause of action under 42 U.S.C. § 1983 for violations of plaintiffs' First, Fourth, Eighth, and Fourteenth Amendment rights. *See* docket no. 118 ¶¶ 89-96.

On March 21, 2017, plaintiffs filed a motion for sanctions relating to the destruction of defendant Guillermo Garcia's personnel file documents and concealment of evidence. Docket no. 182. The court detailed the extensive discovery litigation history in the federal and state actions in its June 5, 2017 Report and Recommendation ("Sanctions R&R"), and the findings and recommendation of the magistrate judge were subsequently accepted by the court on June 30, 2017. Docket nos. 205, 208.

In summary, Garcia left his position as Warden of the California Institution for Women ("CIW") in February 2013. The discovery violations stem from written discovery requests originally served on Garcia in June 2013 seeking documents from his personnel file. In response to these requests, Garcia denied to both plaintiffs and the court that he had any such documents. Plaintiffs then served subpoenas to CIW and the California Department of Corrections and Rehabilitation ("CDCR") in February 2014 and April 2014, respectively; CIW and CDCR refused to produce any of Garcia's personnel file documents. In June 2014, defense counsel informed plaintiffs that Garcia's personnel file was destroyed in March 2014 and could not be reproduced. The court issued an order in August 2014 for CIW and CDCR to conduct a diligent search, produce certain personnel file documents, and serve supplemental, verified responses stating they had done so. CIW and CDCR produced documents for all named defendants except Garcia. In July 2016, discovery conducted in the state action led to production of a letter from Garcia's file relating to his decision to depart from CIW ("Dickinson Letter"). In September 2016, Garcia produced documents, including the Dickinson Letter, in response to plaintiffs' document requests seeking information regarding Garcia's termination from CIW. The Dickinson Letter indicated a copy was placed in Garcia's personnel file.

In the Sanctions R&R, the court found defendants failed to preserve, locate, and timely produce information responsive to plaintiffs' discovery requests, and defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 12-1089-TJH (SPx) | Date | February 15, 2018 |
| --- | --- | --- | --- |
| Title | Jossie Ramos et al. v. Gary Swatzell et al. | | |

Garcia failed to conduct an adequate initial search for portions of his personnel file and made misrepresentations about such search efforts. Docket no. 205 at 9-16, 19-23. Defendants' conduct was sanctionable for their spoliation of Garcia's personnel file, Garcia's failure to adequately search and consequent delay in production of the Dickinson letter, and CDCR's failure to comply with an August 6, 2014 order by this court and misrepresentations to plaintiffs and the court that it had produced documents when it had not. *See id.* at 14, 16, 23; *see also* docket no. 86.

Upon finding the sanctionable conduct described above, the court awarded multiple sanctions. As to the monetary sanctions at issue in this motion, the court imposed attorney's fees and expenses under Fed. R. Civ. P. 37 and the court's inherent power. Docket no. 205 at 31-33. The court specifically noted plaintiffs were entitled to "attorney's fees and expenses for CDCR's failure to obey the court's August 6, 2014 order to produce Garcia's supervisory file," "reimbursement of their fees and costs incurred as a result of the concealment of the Dickinson Letter [from Garcia's personnel file] and delay in its production," and those "fees and expenses that can be traced to the spoliation of the personnel file." *Id.* To determine the amount of sanctions to be awarded, the court allowed for the parties to submit briefing on the matter, which the parties have now done. *See id.* at 33, 35.

The court concurrently issued an order on June 5, 2017 granting certain additional discovery plaintiffs requested in their sanctions motion. Docket no. 204. The court stated generally that "plaintiffs [were] free to conduct additional discovery without a court order" since the discovery cutoff deadline had not yet passed at the time. *Id.* at 1. But the court also ruled on the specific discovery requests, including granting additional depositions and ordering defendants to conduct additional searches for documents relating to Garcia's personnel or supervisory files. *Id.* at 1-3.

## III. DISCUSSION

### A. Attorney's Fees

As noted above, plaintiffs seek $239,780 in fees for 408.7 hours of work performed. Counsel Jenny Huang seeks a rate of $650 per hour for her work, while counsel Jessica Arena seeks a rate of $275 per hour. Huang Decl. ¶¶ 24, 26.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 12-1089-TJH (SPx) | Date | February 15, 2018 |
|----------|-------------------------|------|-------------------|

| Title | Jossie Ramos et al. v. Gary Swatzell et al. |
|-------|---------------------------------------------|

## 1.   <u>Hourly Rate</u>

In prisoner civil rights cases such as this, a prevailing plaintiff is typically entitled to a reasonable fee award based on the lodestar method: "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983).  For fees provided under the lodestar method, a reasonable rate is generally demonstrated based on the submission of evidence that the requested rates are reflective of the prevailing rate in the community based on comparable skill, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).  A court may also find an enhanced award is justified under the lodestar method for "exceptional success." *Hensley*, 461 U.S. at 435.

Here, however, plaintiffs are not seeking fees after prevailing in the case.  Plaintiffs are seeking monetary sanctions based on discovery violations, with the sanctions consisting of reimbursement for fees and costs incurred as a result of those discovery violations.  The court must determine the appropriate hourly rate(s) for fee reimbursement under these circumstances.

### a.   <u>Applicability of PLRA</u>

The parties contest whether 42 U.S.C. § 1997e, the Prison Litigation Reform Act ("PLRA"), applies to attorney fee sanctions for the underlying discovery dispute. Plaintiffs seek prevailing market rates, along with a lodestar multiplier of 1.5, because the underlying discovery dispute provides a separate and independent source for awarding attorney's fees, and the court has not yet adjudicated the merits of plaintiffs' § 1983 claim.  P. Mem. at 3-8.  In response, defendants argue the PLRA rates apply to monetary sanctions imposed even for discovery violations if no other basis exists on which to seek attorney's fees.  D. Mem. at 3-5.

Attorney's fees for actions relating to a § 1983 claim are generally authorized under 42 U.S.C. § 1988.  The PLRA limits attorney's fees awarded under § 1988. *See Armstrong v. Davis*, 318 F.3d 965, 974 (9th Cir. 2003).  The PLRA provides that a court may award attorney's fees in prisoners' suits only if (1) the fees were "directly and reasonably incurred in proving an actual violation of the plaintiff's rights" protected by a statute pursuant to § 1988, and (2) the fees are either "proportionately related to the court

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | ED CV 12-1089-TJH (SPx) | Date | February 15, 2018 |
|---|---|---|---|
| Title | Jossie Ramos et al. v. Gary Swatzell et al. | | |

ordered relief for the violation" or "directly and reasonably incurred in enforcing the relief ordered for the violation."  42 U.S.C. §§ 1997e(d)(1)(A)-(B); *see also Jimenez v. Franklin*, 680 F.3d 1096, 1099 (9th Cir. 2012).  Under § 1997e(d)(3), "[n]o award of attorney's fees in an action [described in § 1997e(d)(1)] shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of Title 18 of payment of court-appointed counsel."  The hourly rate for attorney's fees subject to the PLRA is therefore capped by the hourly rate for court-appointed counsel authorized by the Criminal Justice Act, 18 U.S.C. § 3006A ("CJA").  Congress sets the baseline hourly rate under the CJA, which is $132 per hour for court-appointed counsel.  Guide to Judicial Policy § 230.16(A).[2]  The maximum hourly rate for attorney's fees under the PLRA is thus $198 per hour (hereinafter, "PLRA rate"), or 150% of the CJA rate of $132 per hour.

The Ninth Circuit has held that, if the underlying motion is related to a prisoner plaintiff's § 1983 cause of action, the PLRA rate cap applies even for attorney's fees relating to discovery sanctions.  *Webb v. Ada Cnty.*, 285 F.3d 829, 837 (9th Cir. 2002).  In *Webb*, the plaintiffs had been awarded discovery sanctions arising from defendant's refusal to turn over certain jail staffing documents.  *See id.*  Similar to plaintiffs here, the *Webb* plaintiffs argued the PLRA rate cap for attorney's fees did not apply where the sanctions were awarded pursuant to Rule 37.  *Id.*  The Ninth Circuit rejected this argument, reasoning that the discovery sanctions motion was "directly related" to the underlying § 1983 suit, and Congress enacted the PLRA to minimize the costs associated with prisoners' suits, "'which are borne by taxpayers.'"  *Id.* (quoting *Madrid v. Gomez*, 190 F.3d 990, 996 (9th Cir. 1999)).  Applying the PLRA in only a "piecemeal" manner "would increase litigation over which fees should be paid at which rate."  *Id.*

Lower courts in this circuit have also followed the reasoning of *Webb* even where sanctions were awarded under the district court's inherent powers.  In *Balla v. Idaho State Bd. of Correction*, 2016 WL 6762651 (D. Idaho Feb. 1, 2016), the court rejected the

---

[2]      The CJA rates are publicly available at http://www.uscourts.gov/rules-policies/judiciary-policies/cja-guidelines/chapter-2-ss-230 -compensation-and-expenses.  Though the parties agree to a CJA rate of $141 per hour (*see* D. Mem. at 1; Reply at 10), the court is guided by the current CJA rate and finds no basis for the parties' suggested rate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 12-1089-TJH (SPx) | Date | February 15, 2018 |
|----------|-------------------------|------|-------------------|
| Title | Jossie Ramos et al. v. Gary Swatzell et al. | | |

plaintiffs' request for an award based on standard billing rates.  The court instead found the PLRA rate cap applied since the defendant's sanctionable conduct was directly related to the plaintiffs' attempt to achieve compliance with certain plans related to the violation of inmate rights.  *Id.* at *2-3.  Similarly, in *Norwood v. Vance*, 2008 WL 686901, at *1 (E.D. Cal. Mar. 12, 2008), *vacated on other grounds by Norwood v. Vance*, 591 F.3d 1062 (9th Cir. 2010), the court found "unconvincing" a plaintiff's argument that the PLRA did not apply because sanctions were awarded under the court's inherent power.  Thus, contrary to the assertions of plaintiffs here, the awarding of fees pursuant to Rule 37 and the court's inherent powers does not preclude application of the PLRA rate cap.  *See* Reply at 4.

Other prisoner civil rights cases in this circuit have awarded attorney's fee rates that exceed the PLRA rate cap, but they typically relied upon an additional legal basis not present in this dispute.  Indeed, plaintiffs' cited cases reflect this.  *See* P. Mem. at 4-5.  For example, in *Rodriguez v. Cnty. of Los Angeles*, 96 F. Supp. 3d 1012 (C.D. Cal. 2014), the court awarded attorney's fees to plaintiffs who prevailed on civil rights claims under both § 1983 and California Civil Code § 52.1 ("Bane Act").  The court expressly distinguished its analysis of fees awarded for plaintiffs' § 1983 claims under the PLRA, and those claims and fees pursuant to the Bane Act.  *Rodriguez*, 96 F. Supp. 3d at 1021-23.  The *Rodriguez* court granted plaintiffs' counsel a lodestar multiplier of 2.0 for only those fees awarded pursuant to the Bane Act.  *Id.* at 1025-26.  Similarly, in *Pierce v. Cnty. of Orange*, 905 F. Supp. 2d 1017 (C.D. Cal. 2012), the court evenly split attorney's fees awarded between plaintiffs' constitutional and ADA claims.  *See id.* at 1034-35 (acknowledging that "attributing a larger portion of work to the constitutional claims would result in lower overall fees in light of the PLRA hourly-rate caps").  Here, the operative complaint only raises a single § 1983 cause of action.  Docket no. 118 ¶¶ 89-96.  As no other basis for attorney's fees exists on the merits here, fees awarded for the sole § 1983 claim are subject to the PLRA rate cap.

Plaintiffs nonetheless contend their attorney's fees for which they seek reimbursement here are not capped by the PLRA since no "actual violation of a protected right" has yet been adjudicated on the merits.  P. Mem. at 5-6; Reply at 1-3.  Plaintiffs attempt to distinguish *Webb*, *Balla*, and *Norwood* on the grounds that those cases involved post-judgment fee awards.  *Id.* at 1-2.  Plaintiffs assert the plain language of the PLRA indicates the rate cap does not apply to pre-judgment awards.  *Id.* at 2-3.  Yet plaintiffs acknowledge they were "unable to identify any prisoners' cases in the Ninth

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 12-1089-TJH (SPx) | Date | February 15, 2018 |
|---|---|---|---|
| Title | Jossie Ramos et al. v. Gary Swatzell et al. | | |

Circuit which address[] the issue of hourly rates for attorney's fees" awarded pre-judgment. *Id.* at 3. The court similarly is unable to find such cases.

The plain language of the PLRA draws no distinction between pre- and post-judgment awards of attorney's fees when it comes to the hourly rate cap. The pertinent cap provision here simply states, "No award of attorney's fees in an action described in paragraph (1)" – that is, an action by a prisoner in which fees are authorized under 42 U.S.C. § 1988, e.g., civil rights actions under 42 U.S.C. § 1983 – "shall be based on an hourly rate greater than 150 percent of" the CJA rate. 42 U.S.C. § 1997e(d)(3). The Ninth Circuit has previously held the PLRA rate cap does not apply for fees relating to appellate work, or when a prisoner is awarded both a monetary judgment and either a declaratory judgment or injunction. *See Woods v. Carey*, 722 F.3d 1177, 1182 (9th Cir. 2013); *Dannenberg v. Valadez*, 338 F.3d 1070, 1074-75 (9th Cir. 2003). *Woods* and *Dannenberg* decided the application of the PLRA under § 1997e(d)(2), not § 1997e(d)(3). Section 1997e(d)(2) expressly applies a fee cap of 150 percent of the monetary judgment for fees sought whenever monetary relief is awarded in an action in which fees are authorized under § 1988. Section 1997e(d)(3) caps the hourly rate for fees awarded, without any mention of a monetary judgment. As such, the court rejects plaintiffs' reading of the PLRA's plain language to mean that fees incurred relating to court-ordered relief are subject to § 1997e(d)(3)'s rate cap only where a judgment was first reached. Certainly, the Ninth Circuit suggested no such limitation in *Webb*.

Plaintiffs cite various out-of-circuit cases to support their position that PLRA rates do not apply to sanctions imposed for discovery violations (*see* P. Mem. at 6-7; Reply at 3-4), but in light of *Webb*, the court finds plaintiffs' reliance on these cases is not well-taken. Though this motion seeks fees prior to a rendered judgment, the principle from *Webb* still applies since the discovery violations here were directly related to the sole § 1983 cause of action. To rule that fees for discovery violations sought post-judgment should be awarded at PLRA rates, but fees sought prior to judgment should be applied at market rates, would surely incentivize counsel to file more fee motions before judgment, which would potentially increase litigious behavior and leave taxpayers to bear the higher costs. This would undermine the purpose of the PLRA. *See Madrid*, 190 F.3d at 996.

The court granted monetary sanctions in an amount to be determined in light of defendants' conduct during discovery in this action. The discovery into defendant Garcia's personnel and supervisory files was directly related to plaintiffs' § 1983 claim,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 12-1089-TJH (SPx) | | Date | February 15, 2018 |
|---|---|---|---|---|
| Title | Jossie Ramos et al. v. Gary Swatzell et al. | | | |

since Garcia's actions as Warden underlie some of the civil rights violations alleged. Defendants' spoliation of Garcia's personnel file prevented plaintiffs from obtaining information relating to the reasons why Garcia left his position at CIW. It has since been disputed whether Garcia's departure was voluntary, and what the reasons for that termination were. Considering the allegations that Garcia mishandled sexual misconduct matters as Warden, plaintiffs were impeded from obtaining discoverable evidence that could have shed light on their civil rights claim. As such, the court finds the PLRA rate cap of $198 per hour, rather than market billing rates under the lodestar method, applies for the attorney's fees plaintiffs seek relating to defendants' sanctionable discovery actions.

### b.    Multiplier Enhancement

The question remains as to whether a multiplier enhancement is warranted in this case. Plaintiffs cite *Kelly v. Wengler*, 822 F.3d 1085, 1100 (9th Cir. 2016), to suggest a 1.5 multiplier is permitted to enhance their hourly rate, even when the PLRA rates apply. Reply at 10. In *Kelly*, the Ninth Circuit held the PLRA allows for enhancement of the PLRA rate in appropriate circumstances. 822 F.3d at 1100. *Kelly* was a class action civil rights case brought by state prisoners against a warden and the contractor operating the prison. The parties entered into a settlement agreement, but the district court awarded attorney's fees and costs after the contractor was found to have violated the agreement. The Ninth Circuit rejected the contractor's argument that the PLRA "forbids a court from enhancing" the PLRA rate. *Id.* The Ninth Circuit reasoned that Congress's silence in the PLRA – in contrast to other statutes with attorney's fees provisions – regarding adjustment of the PLRA rate and other statutory interpretation revealed an intent to allow for enhancements in cases seeking declaratory and injunctive relief. *Id.* at 1100-01. An enhancement may only be made in rare circumstances when factors not already subsumed in the PLRA rate are evident, including the superior performance of counsel and the need to attract competent counsel. *Id.* at 1102-05.

*Kelly* appears to allow the court to enhance the hourly rate for plaintiffs' counsel beyond the PLRA rate cap, as plaintiffs seek declaratory and injunctive relief in their operative complaint. Docket no. 118 ¶¶ 4-5. The court recognizes the $198 per hour PLRA rate is limited compared to rates in the broader market, and applying a 1.5 multiplier might more fairly compensate counsel at a rate of $297 per hour. The performance of plaintiffs' counsel to uncover defendants' sanctionable conduct was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 12-1089-TJH (SPx) | Date | February 15, 2018 |
|----------|-------------------------|------|-------------------|

| Title | Jossie Ramos et al. v. Gary Swatzell et al. |
|-------|---------------------------------------------|

extensive and thorough.  Nonetheless, the PLRA rate "generally subsumes the factors relevant to the determination of a reasonable attorney's fee, including the novelty and complexity of the case and the quality of the attorney's performance."  *Kelly*, 822 F.3d at 1103.  It is the "rare" and "exceptional" performance when an enhancement may be made under the PLRA.  *Id.* (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553-54, 130 S. Ct. 1662, 176 L. Ed. 2d 494 (2010)).

The court appreciates that plaintiffs' counsel have vigorously and diligently advocated for their clients in this case, including by investing countless hours for approximately five years and passing up opportunities to seek other fee-generating work.  *See* Huang Decl. ¶¶ 32-34, 38-40.  Further, counsel Huang has extensive experience performing work in prisoners' rights cases.  *Id.* ¶¶ 16-17.  But these points are more relevant to whether plaintiffs' counsel should receive a multiplier on their fees if plaintiffs ultimately prevail in this case, not to whether a multiplier is warranted in awarding discovery sanctions.

More relevant here is that plaintiffs' counsel's performance in doggedly pursuing discovery was arguably exceptional since it led to production of additional discovery that was previously not available, and which defendants indicated did not exist.  Indeed, it was only through concurrently pursuing discovery in the state court action that plaintiffs' counsel were able to uncover the full extent of the discovery violations in this case and to recover some of what should previously have been produced in this case.  Yet the court accounts for this work below by taking the unusual step of awarding plaintiffs monetary sanctions based on some of the state court discovery work.  Thus, there is really nothing exceptional at this stage that is not otherwise accounted for so as to warrant a multiplier.  Moreover, since the action has not yet been adjudicated on the merits or otherwise reached a resolution, plaintiffs' counsel may still have an opportunity to seek fees, including with a multiplier enhancement, at a later stage based on all their work.  As such, the court determines a 1.5 multiplier to the PLRA rate is not warranted here.

The court thus finds plaintiffs' counsel are entitled to the maximum hourly rate under the PLRA, of $198 per hour, as this maximum rate is appropriate for compensating work performed by plaintiffs' counsel Jenny Huang and Jessica Arena.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 12-1089-TJH (SPx) | Date | February 15, 2018 |
|---|---|---|---|
| Title | Jossie Ramos et al. v. Gary Swatzell et al. | | |

### 2.   Reasonable Hours

The court next determines how many hours of compensation plaintiffs are entitled to.  Plaintiffs seek attorney's fee compensation for 408.7 hours of work in both the federal and state court actions on matters that pertain to defendants' sanctionable conduct.[3]  Reply at 6.  Plaintiffs sub-divide the amount of hours they seek as follows: (1) 115 hours related to plaintiffs' sanctions motion; (2) 149.6 hours related to discovery in the state court matter; (3) 74.8 hours related to discovery in the instant federal action; and (4) 69.3 hours related to the instant fee motion.  *Id.*

### a.   Sanctions and Fee Motions

In performing work relating to their successful sanctions motion, plaintiffs seek compensation for 115 hours, despite incurring 181.80 hours worked.  *Id.*; *see also* P. Mem. at 13.  Plaintiffs' counsel Huang expended 110.70 hours performing, inter alia, research, communicating with opposing counsel, reviewing discovery, and drafting the motion.  Huang Decl. ¶¶ 4, 62, Ex. H at 1-3.  Arena, Huang's legal fellow, spent 61.8 hours performing legal research and writing for the sanctions motion.  *Id.*, Ex. H at 3. Plaintiffs' request is based on a reduction of the time Huang spent on the motion by 15%, a reduction of Arena's time spent by 50%, and an additional reduction of 10 hours, thus seeking attorney's fees for 89.1 and 25.9 hours, respectively, for the work they collectively performed.  *See id.* ¶ 62; Reply at 5-6.  Plaintiffs also do not seek reimbursement for 9.3 hours of administrative work Huang performed.  Huang Decl. ¶ 62.

As to the instant fee motion, plaintiffs initially requested attorney's fees for 61.3 hours of compensable time, despite incurring 95.4 hours worked.[4]  P. Mem. at 13; Huang

---

[3]        Plaintiffs originally sought 420.7 hours (*see* P. Mem. at 13; Huang Decl. ¶ 3), but reduced their request to 408.7 after making additional reductions in their Reply.

[4]        Plaintiffs elsewhere initially stated a request for 56.6 hours for time spent presenting the instant fee motion.  P. Mem. at 14.  The court presumes this to be a typographical error, since the 61.3 hour figure represented in plaintiffs' table (*see* P. Mem. at 13) corresponds to figures in Huang's Declaration and accompanying exhibit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 12-1089-TJH (SPx) | Date | February 15, 2018 |
|---|---|---|---|
| Title | Jossie Ramos et al. v. Gary Swatzell et al. | | |

Decl. ¶¶ 3, 74, Ex. H at 14.  Huang initially spent 44.4 hours and Arena 47.1 hours on this motion.  Huang Decl. ¶¶ 3, 74, Ex. H at 13-14.  Upon applying the same reduction rates as for the sanctions motion, and deducting 3.9 hours of administrative work, plaintiffs requested compensation for 37.74 hours for Huang and 23.55 hours for Arena. *Id.*, Ex. H at 13-14.  Upon submission of their Reply, plaintiffs seek an additional 18 hours (10 hours for Arena, and 8 hours for Huang), despite performing 33 hours of work. *See* Reply at 5 n.1.  But the Reply also subtracted an additional 10 hours from work on the fee motion.  *Id.* at 5-6.  In total, plaintiffs request fees for 69.3 hours, or 28.6 hours for Arena and 40.7 hours for Huang.

Defendants respond that fees related to the sanctions and fee motion collectively should not exceed 41 hours, likening this case to an ERISA action where a defendant's failure to admit it had lost documents culminated in a motion to compel.  D. Mem. at 8 (citing *Cyr v. Reliance Standard Life Ins. Co.*, 2008 WL 7095148, at *8 (C.D. Cal. Jan. 16, 2008).  Defendants also contrast this case with *Apple Inc. v. Samsung Electronics Co., Ltd.*, 2014 WL 2854994, at *4 n.36 (N.D. Cal. June 20, 2014), which found 195.2 hours of fees was reasonable in a case involving eight attorneys and breach of a protective order.  D. Mem. at 8.  The court finds defendants' arguments are not well-taken.

The discovery violations here were numerous, difficult to discover, and required extensive explanation and documentation to prove and explain.  Not only did defendants here fail to preserve requested discovery documents, they also made misrepresentations to plaintiffs and the court, and they failed to comply with this court's earlier discovery order.  The 41 hours requested is too low in light of the extensive amount of discovery plaintiffs' counsel had to review and the large number of issues discussed in the Sanctions R&R.  The limited number of attorneys is irrelevant, as that just required those involved to devote more time.  And the lack of complex or novel legal issues did not remove the burden to deal with the substantial and difficult factual issues.  Even so, the court finds a more modest reduction in hours is appropriate.  *See Hensley*, 461 U.S. at 437 ("the district court has discretion in determining the amount of a fee award").

The 115 hours sought for work performed on plaintiffs' sanctions motion is somewhat excessive.  The court appreciates that plaintiffs' counsel have already applied

---

*See* Huang Decl. ¶¶ 3, 74, Ex. H at 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 12-1089-TJH (SPx) | Date | February 15, 2018 |
|---|---|---|---|
| Title | Jossie Ramos et al. v. Gary Swatzell et al. | | |

various discounts to their requests based on billing judgment, and that counsel have itemized each specific task performed. *See Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) ("The party seeking an award of fees must submit evidence supporting the hours worked[.]") (citing *Hensley*, 461 U.S. at 433). The court also acknowledges the successful sanctions motion entailed extensive drafting, research, and review, along with numerous communications with defense counsel and the court from October 2016 through September 2017. *See* Huang Decl. ¶ 4, Ex. H at 1-3. But a further reduction is warranted to account for aspects of the sanctions motion denied by the court. For example, the court rejected plaintiffs' contention that defendants made misrepresentations in summary judgment papers and that Garcia was untruthful, rather than merely vague, in his prior deposition testimony about his removal from CIW. Docket no. 205 at 17-18. The court also determined plaintiffs failed to establish that Garcia's supervisory file contained items beyond the Dickinson Letter discussed at length in the Sanctions R&R. *Id.* at 22-23. Finally, the court also rejected two of the grounds, Rule 11 and 28 U.S.C. § 1927, upon which plaintiffs sought to impose sanctions. Docket no. 205 at 25-26. The court recognizes, however, that some of these rejected issues were closely tied with issues where plaintiffs' arguments prevailed. In light of this, a further 20% reduction to the hours sought by plaintiffs' counsel is reasonable. Accordingly, plaintiffs are entitled to fees for 71.3 hours of work by Huang, and 20.7 hours of work by Arena, relating to their respective work on the sanctions motion, for a total of 92 reasonable hours.

The hours plaintiffs seek for the fee motion are somewhat more excessive. In light of the court's determination that the PLRA rate applies, a reduction in the award related to the fee motion is reasonable, since a large portion of plaintiffs' briefs argue against the PLRA rate, and plaintiffs initially failed to address the controlling *Webb* case. *See* P. Mem. at 3-11; Reply at 1-4. Recognizing that plaintiffs have already reduced their requested hours based on billing judgment, the court finds an additional 40% reduction is reasonable for fees associated with work performed on the instant fee motion. *See Hensley*, 461 U.S. at 440 ("[W]here the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained."). Therefore, plaintiffs are entitled to 24.4 hours for work by Huang and 17.2 hours for work by Arena, for a total of 41.6 hours for work reasonably performed on the fee motion.

Based on the foregoing calculations, the court GRANTS IN PART the requested

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 12-1089-TJH (SPx) | Date | February 15, 2018 |
|---|---|---|---|
| Title | Jossie Ramos et al. v. Gary Swatzell et al. | | |

attorney's fees to plaintiffs' counsel for work performed on the sanctions and fee motions as follows. Based on 133.6 hours of total allowed work on the sanctions and fee motions and a PLRA rate cap of $198 per hour, defendants must pay plaintiffs $26,452.80 for work related to the sanctions and fee motions.

### b.    State Court Discovery

Plaintiffs seek 149.6 hours in fees for state-court related discovery, which was reduced from 225.3 hours actually worked. Reply at 5-6; *see also* P. Mem. at 13; Huang Decl., Ex. H at 4-9. The state discovery work relates to document requests, depositions taken, and a *Pitchess* motion filed to access a law enforcement official's personnel information. *Id.* ¶¶ 43-59, Exs. J-N.

Defendants argue the court's Sanctions R&R did not entitle plaintiffs to attorney's fees and expenses associated with discovery in the related state court action. D. Mem. at 5-6. In fact, the Sanctions R&R did not specify whether plaintiffs could recover their fees and costs for state court discovery related to the sanctionable conduct. And neither side cites to any legal authority addressing whether a federal court may award discovery sanctions in the form of fees and costs incurred in related state court litigation, nor has this court found any such authority. But as discussed in the Sanctions R&R, this court has broad discretion under Rule 37 and its inherent power to award sanctions to remedy sanctionable conduct. *See* docket no. 205 at 31. Given that plaintiffs have been litigating this case in both federal and state courts in parallel fashion, and that they conducted discovery in the state action while this action was stayed which they presumably would have conducted in this action otherwise, the court finds it has the authority to award sanctions of fees and costs incurred in the state action.

Even so, to award sanctions based on actions taken in another case is highly unusual. The court considers such award here only because defendants' sanctionable conduct in failing to preserve Garcia's personnel file, and subsequent related misrepresentations, is closely tied to and affected the discovery conducted in both the state and federal actions. Indeed, as the court documented in its Sanctions R&R, discovery in the state action led to evidence that defendant Garcia was involuntarily terminated from his position as Warden of CIW. *See* docket no. 205 at 5-8. The court further noted that Garcia himself produced this evidence in September 2016 "only after a number of revelations in discovery in the state case regarding the circumstances of his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 12-1089-TJH (SPx) | Date | February 15, 2018 |
|----------|--------------------------|------|-------------------|
| Title | Jossie Ramos et al. v. Gary Swatzell et al. | | |

separation from employment," including the deposition testimony from Frank Esqueda and Jay Virbel. *Id.* at 15. But the court will only award plaintiffs the fees and expenses they incurred in state discovery that are clearly traceable to the sanctionable conduct in this case and would not have been incurred but for such conduct.

With that restriction in mind, the court will not award plaintiffs the fees and costs they incurred preparing and serving their first set of written discovery in the state case in September 2015, moving to compel that discovery, or filing a *Pitchess* motion related to that discovery. Although plaintiffs maintain this discovery was primarily focused on Garcia's departure from CIW, the discovery requests themselves appear to focus for the most part on other issues, and likely would have been served irrespective of the sanctionable conduct. *See* Huang Decl. ¶¶ 43-44, Exs. J, K. Further, the motion to compel was largely denied, and it is not appropriate for this court to award fees for a *Pitchess* motion that was necessitated by plaintiffs' decision to seek this discovery in a state court action. *See id.* ¶¶ 45-46, 48. The court also will not award plaintiffs their fees incurred in serving a second set of discovery requests on CIW and CDCR in July 2016, as these too appear largely unrelated to the sanctionable conduct, or at least likely to have been propounded regardless of it. *See id.* ¶¶ 55-56, Exs. M, N.

The courts finds the rest of the state discovery for which plaintiffs seek reimbursement is sufficiently traceable to the sanctionable conduct, at least in part. But the only discovery that appears to have been taken solely because of the sanctionable conduct is the deposition of Rebecca Denton. *See id.* ¶ 52. The court will award plaintiffs fees for the full 11.5 hours they seek for this deposition.

Plaintiffs state they deposed Frank Esqueda a second time largely to learn more about Garcia's departure from CIW, but also regarding Esqueda's investigation of sexual misconduct cases, and this latter issue appears to have consumed the bulk of the deposition. *Id.* ¶¶ 50-51. Plaintiffs almost certainly would have taken this deposition regardless of the discovery misconduct in this case, although had Garcia's personnel file not been destroyed the questions regarding Garcia's termination may have been fully covered in the first day. Plaintiffs seek only half of their fees and costs incurred for this second day of deposition, but the court finds a further reduction is warranted. Given how little of the deposition directly concerned Garcia's departure, the court will award plaintiffs fees for only 1 hour of time, and no costs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 12-1089-TJH (SPx) | Date | February 15, 2018 |
|---|---|---|---|
| Title | Jossie Ramos et al. v. Gary Swatzell et al. | | |

In July 2016, following Esqueda's deposition (at which he testified to his understanding that Garcia was involuntarily terminated due in part to his mishandling of sexual misconduct cases (*see* docket no. 182-8 at 15-17)), plaintiffs served written discovery requests on Garcia in the state action.  Docket no. 182-9; Huang Decl. ¶ 53, Ex. L.  Although these requests sought information regarding his termination, they also sought other information.  Plaintiffs likely would have served the document requests regardless of the spoliation of Garcia's personnel file, although some of the specific requests for such information may have been omitted.  The interrogatories exclusively concern his termination.  Thus, the court will award plaintiffs fees for half the hours they seek, that is, 2.4 hours.

Plaintiffs seek fees for 29.7 hours spent preparing for and taking the second day of deposition of Garcia.  Huang Decl. ¶ 57; Reply at 5.  This second day of deposition was necessitated largely due to the sanctionable conduct; however, much of it was spent on matters the court found not sanctionable, particularly Garcia's alleged misstatements regarding his separation from CIW.  *See* docket no. 205 at 16-19.  The court appreciates that plaintiffs seek reimbursement for only about 60% of their time actually spent on this deposition, but finds further reduction is warranted.  The court will award plaintiffs fees for 15 hours spent preparing for and taking this deposition.

Finally, plaintiffs seek reimbursement for their time spent deposing Jay Virbel, a deposition that largely concerned Garcia's departure from CIW.  *See* Huang Decl. ¶ 58.  This deposition was certainly prompted by the sanctionable conduct, although plaintiffs may well have wanted to depose Virbel regarding Garcia's termination even if they had the documents from his personnel file.  Nonetheless, although this deposition may have occurred in any event, it was closely enough tied to the discovery violations that the court will grant plaintiffs 75% of the hours they seek, or 9.7 hours.

Accordingly, the court GRANTS IN PART plaintiffs' request for fees related to state court discovery.  Based on 39.6 traceable hours spent on this discovery as discussed above, at a rate of $198 per hour, defendants must pay plaintiffs $7,840.80 for state court discovery work.

### c.   <u>Federal Court Discovery</u>

Plaintiffs also request 74.8 hours in attorney's fees, despite incurring 126.7 hours,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 12-1089-TJH (SPx) | Date | February 15, 2018 |
|----------|--------------------------|------|-------------------|
| Title | Jossie Ramos et al. v. Gary Swatzell et al. | | |

for discovery work performed in the instant action related to defendants' sanctionable conduct. Huang Decl. ¶ 73. Huang calculated these hours based on work she did to serve discovery requests and conduct depositions. *Id.* ¶¶ 64-73, Ex. H at 10-11. Plaintiffs variously seek either 50%, 80%, or 100% of the hours incurred for various discovery performed, and then further reduce their entire request by an additional 15% reduction, such that they seek compensation for 60.3 hours of time spent on federal discovery. *Id.*, Ex. H at 10-11. Plaintiffs also seek 14.5 hours incurred by Arena after reducing her total hours spent, 28.9, by 50%. Plaintiffs again deduct fees incurred by Arena for administrative work performed in federal discovery.

As to federal discovery, defendants contest only 16.83 hours sought relating to a discovery request for defendant Garcia, and 17.88 hours sought relating to a second set of subpoenas issued to CDCR. D. Mem. at 7. Defendants assert that since these two discovery items were propounded after the court issued its Sanctions R&R, they are unrelated to the underlying spoliation of Garcia's personnel file that warranted sanctions. In its Sanction R&R, the court did not expressly indicate what types of discovery plaintiffs were allowed. Yet the court did note "it would be just to order additional discovery into certain matters in this case." Docket no. 205 at 34. Further, in its concurrently filed minute order, the court elaborated that plaintiffs may conduct discovery to:

> uncover the reasons for defendant Guillermo Garcia's termination as
> Warden; determine whether [CDCR] produced Garcia's entire supervisory
> file, and if not, where the remainder is; and determine whether there was a
> counseling memorandum for Garcia that has not been produced, and if so,
> where it might be.

Docket no. 204 at 1.

While defendants are correct that the court ordered them to perform a further search, this was due to defendants' own misconduct and does not abdicate defendants' responsibility to pay fees fairly traceable to their discovery misconduct after the Sanctions R&R issued. The court finds plaintiffs' discovery requests to Garcia and CDCR fairly relate to the spoliation and other violations since they sought information relating to Garcia's departure from his position at CIW. *See* Huang Decl. ¶¶ 71, 72, Ex. O. Defendants' spoliation of Garcia's personnel file likely prevented plaintiffs from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 12-1089-TJH (SPx) | Date | February 15, 2018 |
|----------|--------------------------|------|-------------------|
| Title | Jossie Ramos et al. v. Gary Swatzell et al. | | |

obtaining this information earlier, which thus necessitated these discovery requests. These discovery requests are therefore compensable to plaintiffs. Defendants do not indicate any opposition to other discovery hours relating to federal discovery work. As such, the court finds the 74.8 hours in attorney's fees plaintiffs seek are reasonable and appropriate.

The court therefore GRANTS attorney's fees to plaintiffs for work counsel performed on matters relating to federal court discovery fairly traceable to defendants' sanctionable conduct. At the PLRA rate, defendants must therefore pay $14,810.40 to plaintiffs for fees incurred on work relating to federal discovery.

Adding the federal discovery fees to the state discovery and motion fees discussed above, defendants must pay plaintiffs $49,104 for attorney fees incurred due to defendants' sanctionable conduct.

**B.    Costs**

Plaintiffs also seek compensation in the form of reasonable costs and expenses incurred for work performed on matters related to defendants' sanctionable conduct. Plaintiffs seek $7,396.45 in costs, which is broken down into the following categories: (1) motion for sanctions: $449.36; (2) discovery in state court action: $5,304.78; (3) discovery in the instant federal suit: $1,614.57; and (4) motion for attorney's fees: $27.75. *See generally* Huang Decl. ¶¶ 8-11, Ex. I.

Defendants do not challenge plaintiffs' costs and expenses relating to the sanctions or fee motion. Accordingly, plaintiffs are entitled to reimbursement for these expenses as they are reasonable. As to costs associated with federal discovery, defendants only challenge $2.19 for expenses relating to service of subpoenas on CDCR that post-date this court's Sanctions R&R. D. Mem. at 10. But as discussed above, those written discovery requests were reasonably related to defendants' sanctionable conduct, and plaintiffs are entitled to reimbursement of all expenditures associated with their federal discovery work.

As to costs incurred taking state court discovery, the court will award those consistent with its discussion above concerning the state discovery. In particular, the court will award the full costs sought for the Denton deposition ($520), half the costs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 12-1089-TJH (SPx) | Date | February 15, 2018 |
|----------|--------------------------|------|-------------------|
| Title    | Jossie Ramos et al. v. Gary Swatzell et al. | | |

sought for the discovery requests to Garcia ($6), half the costs sought for the second Garcia deposition ($1,045.50), and 75% of the costs sought for the Virbel deposition ($885).

Accordingly, the court GRANTS IN PART plaintiffs' request for costs and expenses.  Plaintiffs are entitled to $4,548.18 in reasonable costs and expenses.

## IV. <u>ORDER</u>

For the foregoing reasons, it is hereby ordered that plaintiffs' motion for attorney's fees and costs (docket no. 246) is GRANTED IN PART AND DENIED IN PART. Plaintiffs are entitled to $49,104.00 in attorney's fees, and $4,548.18 in costs based on the sanctionable discovery conduct found by this court.  Thus, defendants are ordered to pay monetary sanctions to plaintiffs in the total amount of $53,652.18.